**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CARSTEN ROSENOW,**

 Plaintiff,

v. Civil Action No. _____


**UNITED STATES DEPARTMENT OF JUSTICE,**
 **FEDERAL BUREAU OF INVESTIGATION,** and
 **EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,**
Defendants.

Case: 1:26−cv−01341
Assigned To : Nichols, Carl J.
Assign. Date : 4/20/2026
Description: FOIA/Privacy Act (I−DECK)

---

**COMPLAINT FOR INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Carsten Rosenow alleges:

**I. Nature of the Action**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of agency records and to remedy Defendants' failure to make timely determinations and produce responsive, non-exempt records.

RECEIVED

APR 20 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2. Plaintiff seeks records concerning communications involving FBI Special Agent Colleen Cashman and other government personnel with representatives of Yahoo and Facebook relating to Plaintiff's accounts and the criminal matter United States v. Rosenow, No. 17-cr-03430-WQH-1 (S.D. Cal.). (See Exhibit 1.)

## II. Jurisdiction and Venue

3. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Plaintiff has exhausted all administrative remedies available under FOIA. Defendants failed to make timely determinations on Plaintiff's request and administrative appeal within the time limits required by 5 U.S.C. § 552(a)(6), including the requirement to respond within twenty working days. Defendants' failure to comply with these deadlines constitutes constructive exhaustion of administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

5. Venue is proper in this District because Defendants are headquartered in the District of Columbia.

## III. Parties

6.  Plaintiff Carsten Rosenow is an individual incarcerated at FCI Seagoville, Texas.

7.  Defendant United States Department of Justice ("DOJ") is a federal agency.

8.  Defendant Federal Bureau of Investigation ("FBI") is a component of DOJ.

9.  Defendant Executive Office for United States Attorneys ("EOUSA") is a component of DOJ and serves as the official record keeper for records maintained by United States Attorneys' Offices. (See Exhibit 3.)

---

## IV. Factual Background

### A. Original Request and EOUSA Actions

10. On October 24, 2025, Plaintiff submitted a FOIA request seeking records including emails, memoranda, notes, and attachments concerning communications between FBI agents and representatives of Yahoo and Facebook relating to Plaintiff's accounts. (See Exhibit 1.)

11. On November 18, 2025, EOUSA issued a deficiency and closure letter stating that Plaintiff's request required correction and was closed. (See Exhibit 2.)

12. On November 21, 2025, EOUSA issued a separate "final action" letter stating that the requested records were likely maintained by the FBI and routing the request to the FBI for processing. (See Exhibit 3.)

13. EOUSA's position was incorrect or incomplete because Plaintiff's request sought communications maintained within USAO-SDCA systems, including prosecutor communications and case-related materials.

**B. Narrowing and EOUSA Non-Response**

14. In response to the government's deficiency letter, Plaintiff submitted a certificate of identity and narrowing letter dated November 18, 2025, limiting the request to EOUSA and USAO-SDCA custodians, systems, and a reduced date range, and expressly excluding FBI systems to expedite processing. (See Exhibit 4.)

15. The narrowed request specifically targeted:

- USAO-SDCA Outlook email and archives

- USAfx case workspace folders

- LIONS and related case-management repositories

- USAO-SDCA criminal case files and related materials

  (See Exhibit 4.)

16. On January 7, 2026, Plaintiff confirmed delivery of the narrowing submission and requested that EOUSA return the request to active processing. (See Exhibit 5.)

17. EOUSA has not responded to the narrowed request and has not made any determination.

## C. FBI Processing Delay

18. The FBI acknowledged the request on December 29, 2025 and invoked "unusual circumstances," but did not make a determination or produce records. (See Exhibit 6.)

19. The FBI subsequently informed Plaintiff that the request remained in initial processing and that the estimated completion time was approximately 2,010 days from the date the request was opened. (See Exhibit 7.)

## D. Administrative Appeal

20. Plaintiff submitted an administrative appeal to the Office of Information Policy ("OIP") challenging the FBI's delay and stating that the projected processing time of approximately 2,010 days "is inconsistent with FOIA's

statutory requirement that agencies make determinations within the time limits prescribed by 5 U.S.C. § 552(a)(6)." (See Exhibit 8.)

21. On February 6, 2026, OIP acknowledged receipt of the appeal and assigned Appeal No. A-2026-00648. (See Exhibit 9.)

22. OIP has not issued a determination on the appeal.

## E. Failure to Comply with FOIA

23. Defendants have failed to make timely determinations and have failed to produce responsive, non-exempt records.

## V. Claims for Relief

## Count I – Violation of FOIA Against FBI

24. Plaintiff repeats paragraphs 1–23.

25. The FBI failed to make a timely determination under 5 U.S.C. § 552(a)(6).

26. The FBI has constructively denied the request.

27. The FBI is unlawfully withholding responsive records.

**Count II – Violation of FOIA Against EOUSA**

28. Plaintiff repeats paragraphs 1–27.

29. EOUSA improperly refused to process and failed to process Plaintiff's request.

30. After Plaintiff narrowed the request, EOUSA failed to make a determination or produce records. (See Exhibits 4–5.)

31. EOUSA is unlawfully withholding responsive records.

---

**Count III – Violation of FOIA Against DOJ**

32. Plaintiff repeats paragraphs 1–31.

33. DOJ, through its components, failed to comply with FOIA deadlines.

34. DOJ has failed to resolve Plaintiff's administrative appeal.

---

**VI. Requested Relief**

**Plaintiff respectfully requests that the Court:**

A. Declare that Defendants violated FOIA;

B. Order Defendants to conduct adequate searches for responsive records;

C. Order prompt production of all non-exempt records on a rolling basis;

D. Require Defendants to provide a Vaughn index for any withheld material;

E. Enjoin Defendants from continuing to withhold non-exempt records;

F. Award Plaintiff costs and any other relief the Court deems just and proper.

---

## VI. Jury Demand

35. Plaintiff seeks no jury trial.

---

**Respectfully submitted,**

Carsten Rosenow
 Reg. No. 62380-298
 FCI Seagoville
 P.O. Box 9000
 Seagoville, TX 75159
 Plaintiff, Pro Se

Date: April 18, 2026

VERIFICATION

I, Carsten Rosenow, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on: April 18, 2026

Carsten Rosenow